UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRADLEY ROBERTS and CHRISTOPHER
ROBERTS,

                Plaintiffs,
    vs.                                        7:10-CV-1310
                                              (NAM/GHL)
THE COUNTY OF ST. LAWRENCE, THE
ST. LAWRENCE COUNTY DISTRICT
ATTORNEY, THOMAS FINNERTY and
GERALD JENCKS.

                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

Antonucci Law Firm, L.L.P              David P. Antonucci, Esq.
12 Public Square
Watertown, New York 13601
*Attorney for Plaintiffs*

Hancock Estabrook, L.L.P.             Zachary M. Mattison, Esq.
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
*Attorneys for Defendant*s

**Norman A. Mordue, United States District Judge**

MEMORANDUM-DECISION and ORDER

I.     INTRODUCTION

     This Court previously denied defendants' motion to dismiss the complaint in this matter and allowed plaintiffs to amend their complaint to cure pleading defects in their claims against various officials in St. Lawrence County, including the District Attorney, an Assistant District Attorney and a sheriff's deputy. To wit, the Court previously found that plaintiffs' state law intentional tort claims were untimely and that their 42 U.S.C. § 1983 claims against defendants

were insufficient for a number of reasons. In the first instance, plaintiffs failed to plead the existence of an unlawful policy or custom on the part of the County. Secondly, plaintiffs neglected to include allegations of personal involvement by the elected District Attorney and Sheriff of St. Lawrence County. Plaintiffs filed their amended complaint and added two individually named defendants and some new allegations concerning the conduct of the defendants and the alleged policy that led to violation of their constitutional rights. Defendants have moved once again to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b) ( 6). Plaintiffs oppose defendants' motion but once again ask that in the event that the amended complaint is found deficient, that they be afforded the opportunity to amend.

II.     DISCUSSION

A.     Standard of Review

The standard applicable to motions to dismiss are well-settled. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nettis v. Levitt*, 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted). Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).

B.      State Law Claims

The amended complaint contains two state law claims sounding in intentional tort. Plaintiffs' second cause of action is entitled "False Arrest/Wrongful Detention." The third claim is for *prima facie* tort which also appeared in plaintiffs' original complaint. As the Court previously determined in this matter, there is a one year statute of limitations for intentional torts under New York law and plaintiffs have clearly missed it by filing their complaint in this matter more than one year after the actions complained of occurred. *See* N.Y. Civ. Prac. L & R § 215. The *prima facie* tort claim as it appears in the amended complaint is identical to the prima facie tort claim that Court previously dismissed in the original complaint as untimely. As a further matter, plaintiffs were arrested in November 2007. Thus, their claim for false arrest arose at the time they assert they were unlawfully arrested and detained by defendants. *See Singleton v. City of New York*, 632 F.2d 185, 190–91 (2d Cir.1980) (date of arrest is accrual date for claim of false arrest). Plaintiffs did not file their complaint in this matter until October 2010. Even assuming the Court were to accept plaintiffs' ill-founded argument that the statute of limitations on their *prima facie* tort and false arrest claims did not begin to run until the date of their suppression hearing on October 17, 2008, the claims are still untimely. Based thereupon, the second and third causes of action must be dismissed.

C.      Claims under 42 U.S.C. § 1983

1.      Liability Against St. Lawrence County

As referenced in the Court's previous decision, *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978), requires a plaintiff to plead and prove a municipality, through the execution of its policies, actually deprived an individual of his constitutional rights to

3

establish liability for the injury. *See id.* at 692. Moreover, it is necessary that the policy or custom be made by one "whose edicts or acts may be said to fairly represent official policy." *Id.* at 694. Municipal liability attaches only where the decision maker possesses final authority to establish municipal policy with respect to the unlawful action of which a plaintiff complains. *See Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

Defendants contend that plaintiffs fail to assert a legally viable claim under *Monell* because the only "policy" or actions complained of are those of the District Attorney, who is an employee and agent of the County. Since it is it well-settled that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents, *see Monell*, 436 U.S. at 694, defendants argue that plaintiffs' claim of municipal liability against the County must be dismissed. Defendants cite *Baez v. Hennessy*, 853 F.2d 73 (2d Cir. 1988), *cert. denied*, 488 U.S. (1989) in support of their motion. There, plaintiff brought a § 1983 suit seeking to hold the County of Onondaga liable for an ADA's attempt to prosecute the plaintiff after a grand jury declined to return an indictment. The Second Circuit concluded that "when prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State, not the county." *Id.* at 77. Accordingly, the Court ruled that a district attorney's misconduct in prosecuting an individual could not give rise to municipal liability. *See id.*

However, the Second Circuit has also held generally, "[w]here a district attorney acts as the manager of the district attorney's office, the district attorney acts as a county policymaker." *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993) (citing *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir.1992), *cert. denied*, 507 U.S. 961 (1993); *see also Gan v. City of New York*, 996

4

F.2d at 536 (same)). Thus, in *Gentile v. County of Suffolk*, 926 F.2d 142 (2d Cir. 1991), the Circuit determined that a county could be held liable for a county district attorney's long practice of ignoring evidence of police misconduct and sanctioning and covering up wrongdoing. In *Gentile*, the Circuit confined *Baez* to challenges to "specific decision[s] of the District Attorney to prosecute." *Id.* at 152 n. 5; *see also Walker*, 974 F.2d at 300-301 (where complaint assailed District Attorney's office's lack of training and supervision relating to ADAs' obligations to disclose exculpatory evidence and to avoid use of perjured evidence, District Attorney could be deemed "deliberately indifferent" to unlawful policy which triggered municipal liability).

In the present case, plaintiffs claim that the District Attorney:

> has a policy of prosecuting cases that are known, or should be known, to be based on lack of probable cause and illegal searches. The District Attorney is made aware of the same by the actions of Defense Counsel but continues to prosecute cases that are without merit and the routine result allowing and/or defending the actions of law enforcement officials known to be illegal, unconstitutional and designed to gain evidence by illegal search and seizure.

Although plaintiffs use the word "policy" to describe the alleged offensive conduct on the part of the District Attorney, they provide no facts concerning what the District Attorney has actually done in furtherance of this alleged policy other than "prosecute" cases with no merit or cases based on illegal searches. Thus, it appears to this Court that plaintiffs' claim is one centering on decisions whether or not, and on what charges, to prosecute rather on administration of the district attorney's office. Based thereupon, the "policy" cited by plaintiffs in their amended complaint does not constitute policymaking on behalf of the county and trigger municipal liability. Plaintiffs' claim against St. Lawrence County under 42 U.S.C. § 1983 must be dismissed.

2.     Claims Against St. Lawrence District Attorney

The amended complaint does not clearly state whether the St. Lawrence District Attorney is being used in her official and/or personal capacities. Defendants contend that any claims against the District Attorney in her official capacity are barred by the Eleventh Amendment. As referenced above, a District Attorney acts an agent of the State, not the municipality when prosecuting a criminal matter. *See Baez*, 853 F.2d at 77. Further, although § 1983 imposes liability on every "person" who, under color of state law or custom deprives another of a federal right, neither a state nor a state official sued in his official capacity is a "person" within the meaning of this section. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71, (1989). Thus, to the extent that the amended complaint alleges a § 1983 claim for damages against an acting District Attorney in her official capacity as a state official, it fails to state a claim on which relief can be granted. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993).

Defendants also claim that to the extent that the District Attorney is sued in her personal capacity, she is absolutely immune from liability. The Supreme Court first acknowledged the absolute immunity of prosecutors to § 1983 suits in *Imbler v. Pachtman*, 424 U.S. 409 (1976). The Court relied on a common law tradition of prosecutorial immunity, as well as strong policy considerations that supported extending immunity to the § 1983 context: "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." *Imbler*, 424 U.S. at 424-25. *Imbler* defined the scope of prosecutorial immunity not by the identity of the actor, but by reference to the "function" performed. *Id.* at 430. Those acts that are "intimately associated with the judicial phase of the criminal process" would be shielded by

6

absolute immunity, but not "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Id.* at 430-31.

As referenced above, the District Attorney's "policy" which plaintiffs cite in the amended complaint does not reference any action on her part other than making decisions to "prosecute" meritless cases which are allegedly based on illegal searches and seizures. In this regard, the case is similar to *Eisenberg v. District Attorney of County of Kings*, 847 F. Supp. 1029 (E.D.N.Y. 1994). There, the plaintiff complained about the District Attorney's decision to commence and persist in his prosecution, nothwithstanding the dearth of inculpatory evidence and the existence of exculpatory evidence. 847 F. Supp. at 1036. The court found, however, that the challenged conduct plainly involved acts "intimately associated with the judicial phase of the criminal process," for which the District Attorney is entitled to absolute immunity. *Id.*

The plaintiff in *Eisenberg* also attempted to framed his claim against the District Attorney in terms of an alleged "policy" of prosecuting certain categories of cases —particularly sex crimes—based on the accusations of a complainant, regardless of a total lack of supporting evidence. *See id.* The plaintiff insisted this "policy" was "clearly administrative and managerial" in nature, and thus is not covered by absolute immunity." *Id.* The court held that "[w]hile plaintiff is correct that a prosecutor does not enjoy absolute immunity for acts that are merely administrative, rather than prosecutorial, in nature, *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989), the policy and conduct that plaintiff complains of . . . are not sufficiently distinct from the decision whether or not to prosecute to defeat the District Attorney's entitlement to absolute immunity." *Id.* at 1037. Importantly, the court noted that "the District Attorney's policy regarding sex-crimes prosecutions alleged by plaintiff in this case is 'intimately associated' with

7

the decision about when initiating—or not initiating—a prosecution is appropriate. Plaintiff's mere characterization of the District Attorney's prosecutorial decision-making as 'policy' does not remove it from the ambit of absolute immunity." *Id.*[1] In this case, the plaintiffs' claims against the District Attorney are likewise barred as a matter of law.

3.  Claims Against Defendants Finnerty and Jenks

Defendants assert that plaintiffs' claims against defendants Finnerty and Jenks, neither of who was named in the original complaint must be dismissed because they are untimely. Further, defendants contend that these claims cannot legally "relate back" to the original complaint because under Rule 15 (c) of the Fed. R. Civ. Proc., a defendant must receive actual notice of the original action during the 120-day period provided for service under Fed. R. Civ. P. 4 (m) and must have or should have known that he would be named as a defendant. According to defendants, neither Finnerty nor Jenks was served with the original complaint and neither would have any reason to know he would be a defendant in this case. Even without accepting defendants' arguments concerning timeliness and relation back, however, the claim against defendant Jenks is insufficient as pled.

---

[1] The *Eisenberg* court cited a decision by the District of Columbia Circuit involving a plaintiff who alleged, *inter alia*, that he was victimized by a policy of retaliatory prosecution—"a practice of pursuing criminal charges against individuals who have endured wrongful arrests, solely because they refuse to waive civil suits against the arresting officers." *Haynesworth v. Miller*, 820 F.2d 1245, 1248 (D.C. Cir. 1987). Finding that the defendant District Attorney was entitled to absolute immunity for establishing and implementing the alleged policy, the Court of Appeals held:

> ([s]ince general prosecutorial policies culminate in the initiation of particular criminal actions, those policies raise the same spectre of invidious lawsuits as individual decisions to inaugurate single prosecutions. Indeed, the threat to the policymaker may be amplified; he or she, as policymaker, faces the risk of recrimination from the potentially larger number of parties prosecuted in accordance with the agency directive. The threat of litigation is very real, and indubitably would inhibit the performance of prosecutorial duties.

*Id.* at 1269–70.

The law is clear that personal involvement is a prerequisite to an award of damages against an individual defendant in an action arising under 42 U.S.C. § 1983. *See Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986). Individuals are liable under § 1983 in their personal capacity only if they were personally responsible for violating a plaintiff's rights or promulgated unconstitutional policies or plans or otherwise authorized or approved misconduct under circumstances indicating deliberate indifference. *See id.*; *see also Rizzo v. Goode,* 423 U.S. 362, 371 (1976); *Meriwether v. Coughlin,* 879 F.2d 1037, 1048 (2d Cir. 1989); *Duchesne v. Sugarman,* 566 F.2d 817, 831 (2d Cir. 1977).

Here, there are no factual averments in the amended complaint concerning defendant Jenks. His name is mentioned only three times in the entire pleading - in the caption, in Paragraph 4 where Jenks is identified as a "former detective for the St. Lawrence County Sheriff's department." and in Paragraph 45 - where plaintiffs allege that defendants Finnerty and Jenks "violated the rights of the Defendants [sic] for the reasons and in the manner set forth above both as agents of the County of St. Lawrence and individually." However, plaintiffs failed to flush out in the paragraphs preceding Paragraph 45 "the manner" in which defendant Jenks allegedly violated their rights. Indeed, plaintiffs' claims of alleged police misconduct are directed at "police officials," "police officers," "witnesses of the People and District Attorney," "officers," and finally "the officer obtaining the search warrant." Because plaintiffs have failed to state what, if anything, defendant Jenks did personally in furtherance of the alleged violation of their rights, their claim under § 1983 against him must be dismissed.

Insofar as liability against defendant Finnerty, the Court must first consider defendants' arguments concerning timeliness and relation back. The statute of limitations for a § 1983 claim

9

is generally the applicable state-law period for personal-injury torts. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 n. 5 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275, 276 (1985); *see also Owens v. Okure*, 488 U.S. 235, 240–241 (1989)). In New York, N.Y. Civ. Prac. L & R 214 (5) provides a three-year statute of limitations for actions to recover for a personal injury. The events which form the basis for plaintiffs' claims occurred in November 2007 and the amended complaint which named Finnerty as a defendant was not filed until September 2011. Thus, the claim is untimely unless the statute of limitations can be equitably tolled or the claim "relates back" to the claims in the original timely filed complaint.

Here, although plaintiffs contend they are entitled to equitable tolling, they have presented no evidence that defendants concealed a wrong that prevented them from timely filing their claim against defendant Finnerty. *See Harrison v. Harlem Hosp.*, 364 Fed.Appx. 686, 688 (2d Cir. 2010). Indeed, the factual averments in the amended complaint concerning defendant Finnerty are identical to those that appear in the original complaint. Thus, it is clear that plaintiffs could have named Finnerty as a defendant at the time the original complaint was filed. As such, equitable tolling is inapplicable.

Defendants assert that the claim against Finnerty cannot relate back to the claim against the District Attorney and St. Lawrence County in the original complaint because Finnerty was not personally served with the complaint and thus had no actual notice of the action. As a further matter, defendants contend that Finnerty had no constructive notice of the original complaint and thus no awareness that he could be named as a defendant in this matter. Indeed, defendants assert that defendant Finnerty was not even employed by the St. Lawrence County District Attorney's Office at the time the original complaint was filed. However, defendants have failed to include an

10

affidavit from Mr. Finnerty setting forth any of these factual averments. The Court cannot accept the factual allegations contained in defendants' memorandum of law as evidence in admissible form. Based thereupon, the Court cannot make a determination concerning defendants' entitlement to the statute of limitations defense on which issue they bear the burden of proof. If defendants believe they are entitled to assert this defense, they are directed to submit additional evidence in support of their claim and additional briefing within thirty (30) days. Plaintiffs may submit additional evidence and/or briefing in opposition to defendants' submissions within fourteen (14) days of defendants' filing, if any.

III.   CONCLUSION

Based on the foregoing, it is therefore

ORDERED that defendants' motion (Dkt. #22) to dismiss the second and third causes of action is GRANTED; and it is further

ORDERED that defendants' motion (Dkt. #22) to dismiss the claims against St. Lawrence County, the District Attorney of St. Lawrence County and defendant Jencks is GRANTED; and it is further

ORDERED that the Court will reserve decision on defendants' motion (Dkt. #22) to dismiss the claim against defendant Finnerty pending receipt of additional evidence and/or submissions as outlined above.

IT IS SO ORDERED.

Date:   May 2, 2012

Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

11